No. 3054

Second Circuit

## BAIN v. MANN & STERN

(December 23, 1930. Opinion and. Decree.)
(January 27, 1931. Rehearing Refused.)
(March 2, 1931. Writs of Certiorari and Review Refused by Supreme Court.)

M. F. Johnson, of Shreveport, attorney for plaintiff, appellee.

Thigpen, Herold & Cousin, of Shreveport, attorneys for defendant, appellant.

WEBB, J. Plaintiff, H. H. Bain, doing business under the name of H. H. Bain Sheet Metal Works, brought this action against the partnership of Mann & Stern, composed of George R. Mann and Eugene J. Stern, to recover judgment against the partnership and individual members, in the sum of $985 with legal interest from September 1, 1925, and defendant, being a nonresident of the State, plaintiff obtained the issuance of a writ of attachment under which certain property was seized.

Plaintiff alleged in substance that defendants were architects, and that the firm had drafted plans and specifications for the construction of a certain building; that the construction of the building was let to the Stewart-McGehee Construction Company, and had been constructed under the supervision of defendant; that the contractors had sublet the sheet metal work to plaintiff, and the plumbing work and heating and ventilating system to Robinson Brothers, who sublet a part of the work to plaintiff.

Plaintiff further alleged that defendant had made errors and omissions in the plans and specifications, which had been changed without the authority of the owners of the building, and that defendant had ordered and directed plaintiff to conform his work to the changes, which required other work than was called for under the original plans, on which plaintiff's bid was based, and required a greater expense.

One of the changes related to a shaft or stack, which the original plans provided should be constructed of 22-gauge metal, which was changed to 12-gauge metal, and which was constructed and installed by plaintiff at an alleged increase of cost of $510; another related to an alleged change in the plans so as to show a ventilating shaft extending from the ceiling of one of the rooms to the floor, which work was done by plaintiff at an additional cost of $175; and another to change the course in which certain ventilating shafts should run and requiring the installation of certain fixtures, at an additional cost of $300, which amount plaintiff alleged defendant had agreed to allow as an extra charge.

Defendant appeared by counsel and filed an exception of no cause or right of action, which was overruled and defendant reserving its rights under the exception, answered, denying that it had ever had any contractual relations with plaintiff, and alleged that if plaintiff had any claim for extras, it should proceed against the contractor or owner; that defendant's connection with the building was solely as an architect employed by the owner, and that all work done was in connection with the erection of the building and in behalf of the owners, with their consent and approval.

On trial judgment was rendered in favor of plaintiff for $510, with interest and cost, and otherwise rejecting his demand, from which judgment both parties appeal; defendant urging that the exception of no cause or right of action should have been sustained, and if the exception should not be sustained, that plaintiff failed to establish any of his demands, and his demands should be rejected and defendant's rights reserved to proceed on the injunction bond to recover all damages resulting from the

suit; while plaintiff urges that the judgment should be amended, and judgment rendered for the full amount demanded.

Considering the exception of no cause or right of action; while plaintiff alleged that he had been damaged to the amount claimed, we do not understand that it is claimed that the action is one in tort but that the claim is to enforce a contract. Plaintiff apparently takes the position that defendant was the agent of the owners, with limited powers, and that defendant had exceeded its powers and rendered itself liable. (Citing Corpus Juris, Architects, vol. 5, pages 256, 257, sections 4 and 5, which read in part as follows:

"(Sec. 4) Where an architect is employed as an architect to prepare plans, or plans and specifications, for a building, and also to superintend the erection of the building, his relation to his employer extends no further than the performance of those services; his powers as agent being limited by his contract. He has authority to proceed in the usual way, and the employer may constitute him his agent generally for all purposes connected with the erection of the building; but apart from an agreement to that effect an architect is not the general agent of the owner, and has no authority to bind the owner by contracts for any work done upon or materials furnished for the structure concerning which he is employed."

\* \* \* \* \* \*

"(Sec. 5) An architect superintending the erection of a building has generally no authority to make alterations in the plans and specifications and bind his employer for extra work, or to make any changes in the original contract between the builder and his employer, unless the power to do so is conferred on him by the contract, either in express terms or by necessary inference; and where an architect is authorized to order extra work 'and alterations in a specified manner, the employer will not be liable unless the terms of the power are strictly complied with."

And Articles 3010 and 3013 of the Civil Code, which read as follows:

"(Art. 3010) The attorney can not go beyond the limits of his procuration; whatever he does exceeding his power is null and void with regard to the principal, unless ratified by the latter, and the attorney is alone bound by it in his individual capacity."

"(Art. 3013) The mandatary is responsible to those with whom he contracts, only when he has bound himself personally, or when he has exceeded his authority without having exhibited his powers."

While there is not any allegation of the nature of the contractual relationship between defendant and the owners, other than may be inferred from the allegation that defendant had drafted the plans and specifications and supervised the construction of the building, which facts both parties apparently concede constituted defendant as the agent of the owners; but conceding that such was the relationship existing between the owners and defendant and that defendant dealt with plaintiff as such, there is not any presumption that defendant exceeded its powers.

Under the provisions of the Civil Code quoted above, and the provision of article 3012 (Civil Code), which provides that, "the mandatary who has communicated his authority to a person with whom he contracts in that capacity, is not answerable to the latter for anything done beyond it, unless he has entered into a personal guarantee," it is clear that when the agent acts for his principal, he can be held liable only when he has exceeded his authority or when he has personally bound himself, as by guaranteeing the fulfillment of the engagement entered into.

In the present instance there is not any allegation showing the authority of the agent, which may have been much more extensive than the allegation that defendant drafted the plans and specifications and supervised the construction of the building indicates, as the owner and archi-

tects, defendant, were at liberty to contract as they pleased. We cannot assume that defendant exceeded its authority, and plaintiff having failed to allege what was the extent of defendant's authority, we cannot say the action alleged to have been taken by defendant was in excess of their authority. The mere allegation that defendant exceeded its authority would not authorize plaintiff to proceed directly against the agent under the provisions of the Civil Code quoted above; and considering the allegation that the installation of the ventilators, etc., in the kitchen, was at an agreed cost of $300, with the petition as a whole, it cannot be considered that defendant, the agent of the owners, either guaranteed or bound itself to pay such amount, and we are of the opinion that the petition failed to state a cause of action.

Aside from this, however, while article 2763 of the Civil Code provides that when an architect or builder undertakes to construct a house by the job, according to plans agreed upon, there cannot be any increase in the price on the ground that the plans had been changed or extended, unless he can prove the changes were made in compliance with the wishes of the owner, article 2764 of the Civil Code provides an exception when the alteration or increase was necessary and had not been foreseen, and we are of the opinion that when an error or omission is made by the architects having supervision of the work, who drafted the plans, the owner would be bound to pay the contractor for the increased cost of the work due to such changes. (See Erskine v. Johnson, 23 Neb. 261, 36 N. W. 510.)

The judgment appealed from is therefore avoided and set aside; and it is now ordered that the exception of no cause of action be sustained, and plaintiff's suit dismissed at his cost, and reserving all rights that defendant may have to proceed on the attachment bond.